IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORAINE MARIE SHERMOT,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-CV-2719** |
| | : | |
| **JAMES M. BUCCI,** *et al.*, | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 30th day of June, 2020, upon consideration of Plaintiff Loraine Marie Shermot's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Complaint (ECF No. 2) and Exhibits (ECF No. 5), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Complaint is **DISMISSED** for the reasons stated in the Court's Memorandum as follows:

    a. Claims barred by the *Rooker-Feldman* doctrine are **DISMISSED WITHOUT PRJEUDICE** for lack of subject matter jurisdiction;

    b. Shermot's claims on behalf of her brother are **DISMISSED WITHOUT PREJUDICE**;

    c. Shermot's § 1983 claims against Defendants James M Bucci, Rebecca L. Bell, and Robert Louis Feliciani are **DISMISSED WITH PREJUDICE**;

    d. Shermot's § 1983 claims against Defendants Iesha Colon, Monica I. Wiggins, Tatiana Foronda, and Ruschell Turner are **DISMISSED WITHOUT**

        **PRJEUDICE** to Shermot filing an amended complaint in accordance with paragraph four of this Order; and

    e. Any state law claims are **DISMISSED WITHOUT PRJEUDICE** for lack of subject matter jurisdiction.

4. Shermot may file an amended complaint within thirty (30) days of the date of this Order as to those claims raised on her own behalf that the Court has dismissed without prejudice. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Shermot's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting her amended complaint, Shermot should be mindful of the Court's reasons for dismissing the claims in her initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5. The Clerk of Court is **DIRECTED** to send Shermot a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Shermot may use this form to file her amended complaint if she chooses to do so.

6. If Shermot does not wish to amend her Complaint and instead intends to stand on her Complaint as originally pled, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case, 20-2719. *See Weber v. McGrogan*, 939 F.3d 232

(3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

      7.   If Shermot fails to file any response to this Order, the Court will conclude that Shermot intends to stand on her Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

                                               **BY THE COURT:**

                                               */s/ John M. Gallagher*
                                             **JOHN M. GALLAGHER, J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary.").